IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>[1] JUAN LLANOS CORUJO,<br><br>    Defendant | CRIM. NO. 15-195 (JAG) |

MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

Before the Court is a Motion to Suppress filed by Defendant Juan Llanos-Corujo ("Defendant") on May 7, 2015. Docket No. 16. In its Motion, Defendant seeks to suppress: (1) three bullets found in a black satchel that Defendant had on his person at the time of his arrest; (2) four bullets found in apartment 264 of the Juan Cordero Davila Housing Project; and (3) statements made pursuant to his arrest. *Id*. The motion was referred to Magistrate Judge Lopez. Docket No. 17. On June 26, 2015, Magistrate Judge Lopez held a suppression hearing in which several witnesses testified as to whether Defendant has standing to challenge the warrantless search of apartment 264 and the seizure of the four bullets found in the apartment. Docket No. 44. The Magistrate Judge issued a Report and Recommendation ("R&R") on July 8, 2015 recommending that Defendant's Motion to Suppress be denied for lack of standing. Docket No. 48. On July 17, 2015, Defendant filed his objections to the R&R. Docket No. 56. In his objections, Defendant contends that there are several issues of fact requiring an evidentiary hearing on whether the search and seizure of his person was proper. *Id*. As such, Defendant argues that a denial of his motion to suppress would be premature. *Id*. The Court agrees.

The R&R's analysis hinges on whether Defendant had an objectively reasonable expectation of privacy in apartment 264. Consequently, the R&R directly addresses the question of Defendant's standing to challenge the search of the apartment and the seizure of the four bullets found inside. It is still unclear, however, whether the search and seizure of Defendant's person violated the Fourth Amendment. Such analysis is necessary to determine whether the three bullets found in Defendant's black satchel and the statements made pursuant to his arrest must be suppressed. Therefore, the Court hereby remands the case to Magistrate Judge Lopez for an evidentiary hearing on this issue.

The Court notes, however, that Defendant's objections did not really address the content of the R&R —i.e. Defendant's standing to challenge the apartment's search. By failing to make any objections to the R&R's standing analysis within the prescribed time period, Defendant waived his right to appeal the Magistrate's recommendation on this issue. *See Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994).

In any event, upon *de novo* review of the parties' arguments and the relevant case law, the Court adopts in part the Magistrate's R&R.[1] While Defendant had a subjective expectation of privacy in his apartment, said expectation was illegitimate and, thus, outside of the Fourth Amendment's scope. Not only did Defendant's presence in the apartment violate the terms of the lease agreement, but also, more importantly, it was a deliberate and conscious effort to deceive Puerto Rico's Public Housing Authority. Defendant's deceitfulness, in turn, undermined the important policy goal of ensuring that tax dollars subsidizing public housing reach its intended recipients. Docket No. 48 at 7. The Court finds that Defendant's actions rendered his expectation of privacy both unreasonable and unlawful. Our Constitution simply does not

---

[1] Since an evidentiary hearing is required concerning the suppression of the three bullets found in the satchel and the statements made pursuant to Defendant's arrest, the Court does not adopt the R&R's final recommendation to deny Defendant's Motion to Suppress, as it would be premature at this time. The Court, however, fully agrees with the Magistrate's analysis and recommendation on the standing issue and, thus, adopts the R&R in that respect.

Crim No. 15-195 (JAG) 3

protect such expectations. *See United States v. Symonevich*, 688 F.3d 12, 19 (1st Cir. 2012) (stating that the Fourth Amendment's protection against unreasonable searches requires a finding that the defendant has a "reasonable expectation of privacy in the place searched").

In conclusion, this Court hereby ADOPTS in part the Magistrate's R&R for the reasons stated therein, and, accordingly, DENIES Defendant's Motion to Suppress the four bullets found in apartment 264 for lack of standing. As to Defendant's Motion to Suppress the three bullets found in the satchel and the statements made pursuant to his arrest, the Court REMANDS the case to Magistrate Judge Lopez for an evidentiary hearing on this issue.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of July, 2015.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge