IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

[1] JUAN LLANOS CORUJO,

    Defendant

CRIM. NO. 15-195 (JAG)

## MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

    Before the Court is a Motion for Reconsideration filed by Defendant Juan Llanos-Corujo ("Defendant") on August 3, 2015. Docket No. 61. In its Motion, Defendant claims that the four bullets found in the apartment were "planted by the police in order to establish probable cause to arrest." *Id.* at 1. Defendant contends that an evidentiary hearing is required to determine whether the bullets were in fact in plain view when the police entered the apartment. *Id.* at 2. As a result, Defendant asks the Court to reconsider its July 27 Order, Docket No. 59, and allow the Magistrate Judge to decide any factual controversy concerning these four bullets. Docket No. 61 at 2-3.

    The Government filed a timely Response to Defendant's Motion for Reconsideration. Docket No. 65. This Response, however, barely addresses Defendant's position in his Motion for Reconsideration. Given the factual controversies that exist at this time, it is clear that the Government's reliance on the hot pursuit exception cannot be properly evaluated without an evidentiary hearing. Whether by inadvertence or confusion, the Government simply failed to address Defendant's sole contention —that the four bullets found in the apartment were not his and, thus, an evidentiary hearing is necessary to determine if these bullets must be suppressed.

Crim No. 15-195 (JAG)                                                                                                                2

It follows from Defendant's Motion for Reconsideration and the Government's Response that both parties seem to misunderstand the underlying law of basic constitutional principles. This Court already held that Defendant does not have standing to contest the legality of the apartment's search and, thus, may not seek suppression of the four bullets. *See* Docket No. 59.[1] Defendant's lack of standing necessarily means that the search of the apartment and the seizure of the four bullets allegedly found therein did not violate his Fourth Amendment rights. This conclusion is inevitable given the fact that the question of standing in Fourth Amendment cases "requires a determination of whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect." *Rakas v. Illinois*, 439 U.S. 128, 140 (1948). In other words, "the question is whether the challenged search or seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude the evidence obtained during it." *Id.*

Defendant's lack of standing is fatal to his efforts to contest the legality of the apartment's search and the seizure of the four bullets. It follows that Defendant's claim that the four bullets were not his does not entitle him to an evidentiary hearing of any sort. Rather, this is a defense that he may bring at trial. In conclusion, the Magistrate Judge's evidentiary hearing will be limited to the question of whether Defendant's constitutional rights were violated with respect to the three bullets found in his person and the statements made during the arrest.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of August, 2015.

                                                    S/ Jay A. Garcia-Gregory
                                                    JAY A. GARCIA-GREGORY
                                                    United States District Judge

---

[1] The Court notes once again that Defendant failed to object to any portion of the Report and Recommendation's ("R&R") standing analysis. *See* Docket No. 59 ("By failing to make any objections to the R&R's standing analysis within the prescribed time period, Defendant waived his right to appeal the Magistrate's recommendation on this issue.") (citation omitted).